HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

10

11

12

13

14

15

16

LOCALS 302 & 612 OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS
CONSTRUCTION INDUSTRY HEALTH &
SECURITY FUND, et al.,

        Plaintiffs,

    v.

MEKO CONSTRUCTION, INC.,

        Defendant.

CASE NO. C11-1113RAJ

ORDER

17

18

19

20

21

22

23

24

25

26

27

28

### I.  INTRODUCTION

This matter comes before the court on Plaintiffs' motion for summary judgment (Dkt. # 16) and a motion to withdraw (Dkt. # 22) from counsel for Defendant Meko Construction, Inc. ("Meko").  For the reasons stated below, the court DENIES the motion for summary judgment, GRANTS the motion to withdraw subject to the conditions stated at the end of this order, VACATES the trial date and remaining pretrial deadlines (except those related to settlement and mediation), and directs Meko to either obtain new counsel by September 30, 2012, or have default entered against it.

### II.  BACKGROUND

Meko, a construction company using union labor, is a signatory to contracts that obligate it to make contributions to various union trust funds.  Three of those trust funds

ORDER – 1

are the Plaintiffs in this case.  The trust agreements obligate Meko to submit monthly reports on hours worked and to calculate trust fund contributions based on those hours.

Meko does not dispute that between July 2002 and November 2003 it made a variety of errors in reporting employee hours and in calculating the trust fund contributions.  Meko also does not dispute the trust funds' calculation that the unpaid contributions amount to about $7,670, with just over $1,000 in liquidated damages and nearly $16,000 in interest through June 2012.

The trust funds filed suit in July 2011 to collect these sums.  They now move for summary judgment.  Meko's counsel filed an opposition to the summary judgment motion, and thereafter moved to withdraw from representing Meko.

## III.   ANALYSIS

**A.     Motion for Summary Judgment**

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party must initially show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must present probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  The court defers to neither party in resolving purely legal questions.  *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

As the court has noted, Meko does not dispute that it failed to pay contributions between July 2002 and November 2003 and does not dispute the trust funds' calculation

ORDER – 2

of the amount of the unpaid contributions, liquidated damages, or interest. The only dispute Meko articulates is that the statute of limitations has run.

The trust funds' claims arise under Employee Retirement Income Security Act ("ERISA"). ERISA compels employers bound to trust agreements to make contributions in accordance with those agreements. 29 U.S.C. § 1145. ERISA gives a covered trust the right to sue for, among other things, unpaid contributions. 29 U.S.C. § 1132.

ERISA has no statute of limitations; courts rely on the analogous state-law statute. *N. Cal. Retail Clerks Unions & Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990). No one disputes that Washington's six-year statute of limitations for actions on written contracts applies in this case. RCW § 4.16.040(1).

Federal law, however, dictates when the statute of limitations begins to run. *Jumbo Markets*, 906 F.2d at 1372. An ERISA cause of action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.*

In this case, the trust funds might have had reason to know as early as July 2002 that Meko had not paid all required contributions. Meko sent monthly reports to the trust funds for all of the contributions in question, and a jury could certainly conclude that the trust funds knew or had reason to know of the unpaid contributions as soon as they received the reports. The trust funds have submitted no evidence that would prevent the jury from reaching that conclusion.

In 2006, the trust funds selected Meko for a random audit. Their auditor contacted Meko, but Meko did not respond. So far as the record reveals, the trust funds made no effort to compel Meko to participate in the audit. Instead, the trust funds ignored Meko until beginning a second audit in 2011. This time, the trust funds compelled Meko to participate. The auditor's report on which this lawsuit is based relies on both records that Meko supplied in 2011 and other documents the auditors obtained from third parties.

ORDER – 3

1
2
3
4
5
6
7
8
9

The trust funds insist that, as a matter of law, their ERISA cause of action accrued when they audited Meko in 2006. The trust funds are mistaken; their argument depends on a misreading of *Jumbo Markets*. In *Jumbo Markets*, a Ninth Circuit reversed the district court's decision on summary judgment that the statute of limitations had expired on delinquent contributions arising from miscalculated vacation hours. 906 F.2d at 1372. The court found that both "the parties and the district court" had improperly focused on when the contributions were due rather than "the time at which the Trust Funds had reason to know of the underpayment." *Id.* Because the record was "unclear as to when they did have reason to know," the court remanded to the district court. *Id.* at 1372-73.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Contrary to the trust funds' argument, the *Jumbo Markets* court did not hold that the trust funds first had reason to know of the underpayments when they conducted an audit. Instead, the court acknowledged that the district court could look to whether the trust funds should have known that of the delinquency as soon as the hours were reported. *Id.* at 1373 ("[T]he district court may consider evidence showing that the shift . . . to reporting the correct number of hours was so great a change that the Trust Funds should have been alerted to the fact that the previous reporting had been erroneous."). The court also noted, however, that the trust funds had "no duty . . . to make an independent verification [at the time the employer reported the hours] if the facts known to them did not give them reason to know of the error." *Id.* Put simply, the *Jumbo Markets* court acknowledged a range of possible accrual dates for the trust funds' ERISA cause of action, and remanded the case to the district court to conduct further proceedings to determine when the trust funds had reason to know of the underpayment.[1] Other courts have taken the same view of *Jumbo Markets*. *See, e.g.*, *Trustees of the Screen Actors*

25
26
27

---

[1] The employer in *Jumbo Markets* learned that it had incorrectly calculated contributions based on vacation hours, but did not inform the trust funds of its error. 906 F.2d at 1372. In that circumstance, the court found that the employers had a fiduciary obligation to the trust funds to report their known mistake. *Id.* at 1373. In this case, there is no evidence that Meko knew of its improper contributions but failed to report them.

28

ORDER – 4

*Guild Producers Pension & Health Plans v. Materna*, 70 F. Supp. 2d 1082, 1086 (C.D. Cal. 1999) (noting that a trustee may have reason to know of an unpaid contribution either when "a trustee exercising its duty should have been alerted to the problem" or "when trustees commence an audit").

Following *Jumbo Markets*, the court concludes that disputed issues of material fact prevent the court from deciding as a matter of law whether the statute of limitations bars the trust funds' claims in whole or in part. The trust funds chide Meko for submitting no evidence about when the trust funds should have known of the delinquent contributions, but the trust funds' own evidence is more than enough to establish a factual dispute. On this record, it is possible that the trust funds' cause of action accrued more than six years before they filed this suit in July 2011. It is also possible that the trust funds had no reason to know of the delinquency until at least July 2005 (six years before they sued). The court cannot make this determination as a matter of law.

**B.   Motion to Withdraw**

Meko's counsel has submitted evidence that Meko has failed to pay its legal bills, and that that failure has persisted despite counsel's long-running efforts to remedy it. Meko has not responded to counsel's motion to withdraw.[2] The trust funds suggest that the court should force counsel to continue representing Meko. The court will not do so. The court will permit counsel to withdraw. Counsel shall send a copy of this order to Meko and file proof that it has done so with the court. Counsel's withdrawal shall be effective when it files its proof of service.

The court advises Meko that a corporation cannot appear in federal court without the representation of an attorney. *See* Local Rules W.D. Wash. GR 2(g)(4)(B); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through

---

[2] In accordance with Local Rules W.D. Wash. GR 2(g)(4)(B), counsel for Meko served Meko with a copy of its motion to withdraw.

ORDER – 5

licensed counsel.").  The court will give Meko about a month to find new counsel.  If new counsel has not entered an appearance by then (assuming the parties do not negotiate a settlement), the court will enter Meko's default.

### IV.  CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' motion for summary judgment (Dkt. # 16) and GRANTS Meko's counsel's motion to withdraw (Dkt. # 22) subject to the conditions stated in this order.  The court directs the clerk to VACATE the trial date and all pending pretrial deadlines, except for deadlines pertaining to settlement and mediation.

If the court does not receive a notice of appearance from new counsel for Meko by September 30, 2012, the court will enter default against Meko.

DATED this 4th day of September, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6